RE: NEPOTISM QUESTION
THIS WILL MEMORIALIZE OUR TELEPHONE CONVERSATION EARLIER TODAY IN WHICH WE DISCUSSED SEVERAL QUESTIONS PERTAINING OKLAHOMA'S NEPOTISM STATUTES. THOSE QUESTIONS HAD BEEN PROPOUNDED IN A LETTER YOU SENT TO OKLAHOMA SENATOR FRANK SHURDEN SEVERAL MONTHS AGO. I REGRET ANY INCONVENIENCE TO YOU OR YOUR CLIENT BY THIS DELAYED RESPONSE. I UNDERSTAND FROM OUR TELEPHONE CONVERSATION, HOWEVER, THAT THIS INFORMAL LETTER RESPONSE WILL MEET YOUR NEEDS IN THIS INSTANCE.
WE APPRECIATE YOUR UNDERSTANDING IN ASSISTING THIS OFFICE IN CONSERVING SCARCE LEGAL RESOURCES, ESPECIALLY IN CIRCUMSTANCES WHERE THE ANSWER TO YOUR QUESTIONS IS, IN OUR VIEW, SQUARELY ADDRESSED BY RELEVANT AND CONTROLLING LEGAL AUTHORITY. UNDER THOSE CIRCUMSTANCES, IT IS NEITHER NECESSARY NOR DESIRABLE TO ISSUE YET ANOTHER OPINION OF THE ATTORNEY GENERAL ON THE SAME TOPIC.
THE FIRST QUESTION YOU POSED IS WHETHER 21 O.S. 481 (THE "NEPOTISM STATUTE") IS VIOLATED WHEN AN EMPLOYEE OF THE BOARD OF DIRECTORS OF A RURAL WATER DISTRICT, ORGANIZED AND OPERATING UNDER 82 O.S. 1324.1 (1989) ET., MARRIES THE SON OF THE CHAIRMAN OF THE BOARD OF DIRECTORS AND THEREAFTER CONTINUES HER SAME EMPLOYMENT. THE NEPOTISM STATUTE PROHIBITS THE APPOINTMENT OF ANY PERSON RELATED TO THE OFFICE HOLDER BY AFFINITY OR CONSANGUINITY WITHIN THE THIRD DEGREE. ITS SISTER STATUTE, 21 O.S. 482, MAKES IT A CRIME TO VOTE FOR THE PAYMENT OF A PERSON APPOINTED IN VIOLATION OF 21 O.S. 481. IN RESOLVING AN APPARENT CONFLICT BETWEEN PRIOR OPINIONS OF THE ATTORNEY GENERAL, OPINION NO. 88-045 HELD THAT PERSONS WHO ARE RELATIVES IN THE THIRD DEGREE OF CONSANGUINITY OR AFFINITY TO THAT OFFICER, AND WHO ARE THEN ALREADY COUNTY EMPLOYEES SERVING ON A "CONTINUOUS" OR "MONTH-TO-MONTH" BASIS, ARE NOT REQUIRED TO RESIGN THEIR POSITIONS OR EMPLOYMENTS MERELY BECAUSE OF SUCH ELECTION. THEREFORE, YOUR FIRST QUESTION IS ANSWERED IN THE NEGATIVE.
YOUR INQUIRY, HOWEVER, DOES NOT END THERE. YOU GO ON TO ASK WHETHER THE BOARD OF DIRECTORS OF THE RURAL WATER DISTRICT ARE PROHIBITED FROM GRANTING THE EMPLOYEE A SALARY INCREASE WHILE THE EMPLOYEE'S FATHER-IN-LAW REMAINS A MEMBER OF THE BOARD OF DIRECTORS. YOU ALSO ASK WHETHER THE FATHER-IN-LAW BOARD MEMBER IS PROHIBITED FROM VOTING TO APPROVE PAYMENT OF THE EMPLOYEE'S CLAIM FOR EARNED SALARY AND FROM SIGNING THE EMPLOYEE'S CHECK EACH MONTH. DEALING WITH YOUR SECOND QUESTION FIRST, A PRIOR OPINION OF THE ATTORNEY GENERAL, NO. 72-202, HAD HELD THAT EACH TIME A BOARD MEMBER VOTED TO APPROVE PAYMENT OF A RELATIVE'S CLAIM FOR SALARY WAS IN VIOLATION OF 21 O.S. 482. THAT OPINION WAS WITHDRAWN BY OPINION NO. 88-045. THEREFORE, YOUR LATTER QUESTION IS ANSWERED IN THE NEGATIVE. THE FATHER-IN-LAW BOARD MEMBER IS NOT PROHIBITED FROM VOTING TO APPROVE PAYMENT OF THE EMPLOYEE'S CLAIM FOR EARNED SALARY AND FROM SIGNING THE EMPLOYEE'S CHECK EACH MONTH.
THE FORMER QUESTION, HOWEVER, MUST BE ANSWERED IN THE AFFIRMATIVE. THE DISCUSSION IN A.G. OPIN. NO. 88-045 CONTAINS THE FOLLOWING COMMENT, WHICH I WOULD HIGHLIGHT FOR YOUR ATTENTION:
 HOWEVER, IT SHOULD ALSO BE NOTED THAT THE STATUTE, WHILE NOT INTENDED TO ADDRESS SITUATIONS INVOLVING A CONTINUED EMPLOYMENT OF A PUBLIC EMPLOYEE ALREADY ON THE PUBLIC PAYROLL IN THEIR THEN CURRENT POSITION, WOULD PROHIBIT SUCH EMPLOYEES FROM EVER BEING CONSIDERED FOR RAISES, LATERAL TRANSFERS, OR PROMOTIONS WHILE THE RELATIVE IN QUESTION IS IN OFFICE AND TECHNICALLY A PART OF THE PROCESS THAT WOULD HAVE TO BE ENGAGED IN TO APPROVE SUCH PROMOTIONS, TRANSFERS OR PAY INCREASES. SUCH A CHANGE IN JOB RESPONSIBILITIES OR COMPENSATION WOULD CONSTITUTE A NEW APPOINTMENT.
THE FOREGOING LANGUAGE SEEMS TO ADDRESS SQUARELY YOUR INQUIRY.
(NED BASTOW)